SAMUEL, Judge.
This is a suit for $1,433.12 allegedly due plaintiff under a contract for performing repairs and installing new parts in an air conditioning and heating system in defendant’s home. Defendant answered in the form of a general denial and reconvened for the sum of $4,000 for depreciation of the equipment allegedly caused by the plaintiff, inconvenicence and discomfort while the system was inoperative, and the return of $1,000 paid under an error of *329 fact. Alternatively, reconvenor prayed that any judgment in favor of plaintiff be restricted to the value of that part of plaintiff’s work which was not necessitated by plaintiffs negligence.
Following trial on the merits, there was judgment dismissing both plaintiff’s suit and defendant’s reconventional demand. Plaintiff has appealed and defendant has answered the appeal limited to the recon-ventional demand.
The record reveals the following facts: The fifteen ton air conditioning and heating system in defendant’s home had been a problem since its installation for approximately seven years prior to March, 1970. Plaintiff was contacted at the suggestion of Mr. Wiley Mossy, father of defendant’s wife, and in May, 1970 he met with Mrs. Christovich and Mr. Mossy at defendant’s home to inspect the equipment and make suggestions and recommendations for its repair.
Plaintiff recommended a condensor motor be replaced in one area; a condensor fan motor in the five ton area be replaced with a larger one; the pulleys be increased in size; the condensor coil be cleaned; the thermostats be checked and verified; and an erratic timer motor be repaired. The cost of the proposed repairs was $968.32. Mrs. Christovich would not authorize the repairs because her husband was out of town, but she expected him to return over the weekend. At that time she was to discuss the matter with him and give plaintiff a definite answer on the following Monday. The unit was not operating and she asked plaintiff for some relief over the weekend. He jumped the timer and thus started the unit.
Mrs. Christovich did not contact plaintiff until a week or so later when she complained of noise in the equipment and plaintiff made a service call at that time. She called again on June 5, 1970 because the equipment was not operating and she wanted temporary relief because she was having a party. Plaintiff went to defendant’s home accompanied by Frank New-som, an air conditioning specialist. He jumped the timer again to give temporary relief and again requested authority to begin the previously suggested repairs, but Mr. Christovich was out of town. Haller and Newsom both claim Mrs. Christovich was warned not to use the unit beyond the week end because of possible damage, but Mrs. Christovich denies any such warning, or that jumping the timer was ever discussed with her. Defendant was billed $25 for each of the two service calls.
Several weeks later, at a time when Mr. Christovich again was out of town, the condensor exploded and Mrs. Christovich authorized plaintiff to begin immediate repairs. He sent a workman out at once, but now, in addition to the original problems, it was necessary to dismantle and rebuild the compressor. Mrs. Christovich was so informed and understood this constituted additional work. After all of the work was completed defendant was sent bills for the original repairs in the sum of $968.32, $50 covering the two service calls, and a separate invoice for the additional repairs at a total cost of $1,414.80, including $552.-25 for labor, and $862.55 for parts. Defendant paid $1,000 and refused to pay the balance because he was of the opinion the additional damage was caused by plaintiff. This suit followed.
We are called upon to determine: (1) whether plaintiff is entitled to the balance which he claims is due; and (2) whether defendant is entitled to damages claimed in his reconventional demand.
The claim for the balance due concerns the repairs not contemplated in plaintiff’s initial proposal. Defendant’s refusal to pay the additional charge is based upon his contention that the explosion of the equipment was caused by plaintiff jumping the timer.
Testimony at the. trial was given by six witnesses. Plaintiff and Fred Newsom, his *330 air conditioning expert, were called by the plaintiff. The defendant, Mrs. Christo-vich, Mr. Mossy and Joseph E. Leininger, an air conditioning expert, testified on behalf of the defendant.
The experts agree that the purpose of the timer is to prevent the machinery from operating continuously. In the event the machine stops for any reason, the timer prevents its restarting for four to four- and-one-half minutes, thus allowing the compressor to stabilize and primary safety devices to reset themselves. It is clear from the record that with a by-passed timing device the machinery should not be run for an extended period.
Mr. Newsom, plaintiff’s expert, was of the opinion that the timer device was only a secondary safety device used to prevent the compressor from short circuiting, and the damage to the defendant’s unit was not caused by jumping the timer for the period of time Mrs. Christovich was instructed to use it.
Plaintiff was of the opinion that running the machine after he had jumped the timer was not responsible for the demise of defendant’s compressor because it was in a jeopardized condition at the time of his first meeting with Mrs. Christovich and Mr. Mossy as a result of all the things which needed correcting. He stated the compressor failed as a result of continuous running through a period whereby the temperature increased beyond 85°, and the compressor would have failed even if a new timer had been installed at that time.
Mr. Leininger, defendant’s expert, visually examined the defendant’s equipment externally as to the outer casing and control section on August 2, 1974, four years subsequent to the work done by plaintiff. He did not look at the entire unit or familiarize himself with the Carrier air conditioning manual covering this unit. Although he testified without elaboration that there were several factors other than the timer which could have caused the condensing system to fail, he felt there could be a causal link between jumping the timer and damage to the compressor. He explained that jumping the timer bypassed the safety devices and could have caused foam to mix with oil in the compressor which could affect the pistons, cause damage to the valves and/or connecting rods in the crank case of the machine, and that the machine would have to be rebuilt or replaced with a new machine.
The trial court dismissed plaintiff’s suit because it was instituted on a written contract. At the trial it was apparent the agreement, if any, was oral. Thus, the trial court concluded plaintiff could not recover on the basis of a written contract, or on the basis of quantum meruit because it was not pleaded, nor was evidence introduced to warrant such a judgment.
We prefer to base our determination on the evidence which preponderates to the effect that the damage to the compressor was caused or hastened by plaintiff’s jumping the timer which he knew, or should have known, would cause serious damage to the equipment if allowed to run continuously. We are satisfied that had defendant’s wife understood the consequences of permitting the equipment to run continuously, she would not have done so. We agree the additional repairs were necessitated by plaintiff’s actions. Thus, plaintiff is entitled to be paid only the sum of $968.32 for the original repairs and $50 for the two service calls, or a total of $1,018.32. Since he has been paid $1,000, he is entitled to an additional award of $18.32 and we will amend the judgment accordingly.
Evidence offered in support of defendants reconventional demand was given by Mr. Christovich who testified that shortly after the repairs were commenced, *331 his family took up residence at his father-in-law’s home “for a few days” while the latter was at his summer home. The family had to pack up and move out of their own home because it was very hot and there was no air conditioning. There were considerable commotion, equipment and workmen around constantly, and plaintiff was unsure how long the repairs would take. Within a month after the work was performed the motor plaintiff had replaced in the utility room burned out completely and defendant was forced to spend several hundred dollars with another air conditioning firm to replace the motor. They have since had numerous service calls. (Plaintiff testified the unit he replaced was warranted for one year but he was not called by defendant to repair or replace it.) Mr. Christovich stated his wife took care of the bills and he had no idea of the amount, other than it was hundreds of dollars. The record contains no other evidence as to the amount allegedly expended for replacing the motor. Mrs. Christovich did not testify as to any such amount. As to the claim for inconvenicence and discomfort, we are unable to determine from the record what length of time is included in the “few days” plaintiff had to move his family out of his home nor what part thereof was due to the repair of the compressor as opposed to the original repairs.
We are therefore of the opinion, as was the trial judge, that plaintiff in reconvention has not offered sufficient proof of damages to merit an award on the recon-ventional demand.
For the reasons assigned, it is now ordered that there be judgment on the main demand in favor of plaintiff-appellant and against defendant-appellee in the sum of $18.32. As thus amended, and in all other respects, the judgment appealed from is affirmed. Costs of this appeal are to be paid by plaintiff-appellant.

Amended and affirmed.